## ED. RICHARDSON *v.* STATE.

### [56 South. 454.]

1. CRIMINAL LAW. *Rape. Female under the age of consent. Previous chaste character. Evidence.*

   While in a prosecution for rape on a female under the age of twelve years, evidence of previous unchaste character is ordinarily immaterial, in some cases such evidence may be very material.

2. SAME.

   Where in a prosecution for rape on a female under twelve years of age there was practically no corroborative testimony except that her hymen had been ruptured. A physician testified that he examined her on the day of the alleged crime, that her vaginal orifice was abnormally large and the hymen obliterated, that there was no indication of any intercourse with her that day, that she was not bruised, and that it would have been impossible for a man with a normal sized sexual organ to have had intercourse with her without bruising her. It was reversible error in the court to exclude testimony offered by the defendant that the girl had had sexual intercourse with men prior to the date of the commission of the alleged crime.

APPEAL from the circuit court of Yazoo county.
HON. W. A. HENRY, Judge.
Ed. Richardson was convicted of rape and appeals.
The facts are fully stated in the opinion of the court.

*Holmes & Holmes,* for appellant.

The case should be reversed also because the court refused to let the defendant show the prosecutrix was previously of unchaste character, and had had sexual intercourse with other men many times before. Let us say here that we did not urge the girl's consent as any defense, for she was under age, and any criminal knowledge of her with her consent even, would have been no

defense. But the court understood that the object of this testimony was to show the improbability of the girl's story and to rebut certain facts brought out by the witness, Lizzie Williams. The defendant denies entirely the sexual intercourse, and offered this testimony for an entirely different purpose, viz.: The mother had testified to blood spots on Rosena's underclothes, and corroborated her story as to the rape. Now if the prosecutrix has previously repeatedly had sexual intercourse with other parties, she would have had no hymen, and certainly would not have bled from a rupture of the hymen, which was the only possible source of the blood spots, for the mother admitted there was no bruises and no lacerations, therefore her previous unchaste character would have knocked out the mother's testimony of the blood spots, and contradicted her in a very material matter. Further, the girl swore that she was forcibly ravished, and this testimony would have tended to dispute her on that point by showing no necessity and no motive for forcibly ravishing her, as she would have consented, and would have tended to break down in part her story, giving the jury an opportunity to apply the principle, *"falsus in uno, falsus in omnibus."*

*Jas. R. McDowell,* assistant attorney-general, for appellee.

The error set up is that the court should have permitted proof of the previous unchaste character of the little girl. It is well established that this cannot be done. A common prostitute can be raped if done against her will. It is rape to have intercourse with a child under twelve years of age and even with her consent. The fact that others have done so is no defense. Counsel says that the court ought to have permitted this testimony in order to contradict the girl, who had testified that she had never done anything of that sort. The rule is well established, and I take it the court does not wish to make an exception in this instance.

SMITH, J., delivered the opinion of the court.

Appellant was indicted and convicted of the crime of rape, the female being under the age of twelve years. On the day of the alleged commission of the crime, and a short time thereafter, this girl was examined by a physician, who testified that she was not bruised in any way, and that he found no indications of any intercourse having been had with her on that day; that the vaginal orifice was abnormally large, and the hymen was obliterated; that this had not been done that day, but had been done some time prior thereto. This physician also testified, as did two other physicians, who afterwards examined this girl, that it would have been impossible for a man with a normal sized sexual organ to have had intercourse with her without bruising her. In this state of the evidence, defendant offered to prove that this girl had had sexual intercourse with men prior to the date of the commission of the alleged crime, which evidence was by the court excluded.

Previous unchaste character in this class of cases is ordinarily wholly immaterial, and is not admissible in evidence; but here whether or not this girl had previously had intercourse with men was very material. Practically the only corroboration of her testimony that she had been raped was the fact that her hymen had been ruptured; and, had it been shown that this rupture occurred at some prior time, this corroborating testimony would have been eliminated. The exclusion of this testimony was, therefore, fatal error, and the judgment of the court below is reversed, and the cause remanded.

*Reversed and remanded.*