SMITH *v.* STATE.*

(Division B. Feb. 8, 1926.)

[106 So. 817. No. 25100.]

CRIMINAL LAW. *Rape. Exclusion of admissions of female tending to account for physical condition error and harmful.*

Exclusion of admissions to witness by child claimed to have been ravished, tending to account for her physical condition found by examining physician, *held* error and harmful.

---

*Corpus Juris-Cyc. References; Criminal Law, 17 C. J., p. 334, n. 6.

APPEAL from circuit court of Sunflower county.
HON. S. F. DAVIS, Judge.

Fred L. Smith was convicted of rape, and he appeals. Reversed and remanded.

*Osborn & Witty, Neill & Clark* and *Chas. W. Crisler,* for appellant.

The lower court erred in excluding testimony which went to the very credibility of the prosecutrix's testimony. Smith was indicted under section 1092, Hemingway's Code, which defines rape. The witness Ellen Moore said that the prosecutrix had admitted to her that she had been in the custom, and it was as a matter of fact, a common thing for her to have these relations with her brother and other boys. The court realizes that it would be matter of practical impossibility to introduce children who actually participated in these acts, but we say that, taking all the facts and circumstances of this case as disclosed by the record, this testimony ought to have been admitted as evidence tending to destroy the corroborative testimony of the physicians, and to account for her physical condition. All this went to the credibility of this witness. The court permitted the appellant to lay the predicate for the contradiction of the prosecutrix on these matters by the testimony of the prosecutrix, in the presence of the jury, but when the contradiction was sought to be made by the testimony of Ellen Moore, the court excused the jury and excluded the contradictory testimony from their consideration. The court having done this, the jury had a right, and probably did, to conclude that the appellant was unable to establish by Ellen Moore or by anyone else, the facts upon which the predicate for the contradiction was laid. *Richardson* v. *State,* 56 So. 454, 100 Miss. 514, sustains our contention. See, also, *State* v. *Griffin* (Wash.), 11 Ann. Cas. 95; *Kolb* v. *State,* 95 So. (Miss.) 358.

In the case at bar, the prosecutrix had denied emphatically any illicit or improper relations with her brother or any other boy, and the court had permitted

the appellant to lay the predicate to contradict her. Cer
tainly, we say that the evidence of Ellen Moore should
have been admitted as impeaching the credibility of the
prosecutrix.

*Harry M. Bryan,* Assistant Attorney-General, for the
state.

*The court did not err in excluding the testimony of ap-
pellant's witness, Ellen Moore.* The court will notice
from the record that appellant introduced one Ellen
Moore, a schoolmate of the prosecutrix. In the absence
of the jury the court heard testimony from this witness
which was to the effect that sometime before the offense
alleged to have been committed by appellant, Josephine
invited her to come to her home. She testified that at
this time Josephine stated to her that they could "play
nasty;" that Josephine had told her that she had done
so with other boys. The state objected to this line of
testimony because of the fact that it threw no light up-
on the issue involved in the trial of the case. The lower
court correctly held that if its purpose was to show that
the condition of the prosecutrix on Monday night,
as testified to by her and the physician, might or could
have been caused by other children, it would be necessary
for definite and specific proof to be made. It is unnec-
essary for us to cite authority to uphold this action on
the part of the lower court. Counsel complain that its
purpose was to show that her condition could have been
brought about by other boys in the community and cite
*Richardson* v. *State,* 100 Miss. 514, 56 So. 454. The Rich-
ardson case could not possibly apply here, for as stated
by the court in that case, the physician who examined the
girl testified that she was not bruised in any way and
that he found no indications of any intercourse having
been had with her on that day. Surely, appellant could
not have been allowed to introduce testimony of such
highly speculative and remote character. It certainly

was not best evidence. It was incompetent because not confined to any definite time which could have produced the condition of the female at the time she was examined.

Argued orally by *S. I. Osborn* and *S. D. Neill*, for appellant, and *H. M. Bryan,* Assistant Attorney-General, for the state.

ANDERSON, J., delivered the opinion of the court.

The trial court erred in ruling out the testimony of the witness Ellen Moore. *Richardson* v. *State,* 100 Miss. 514, 56 So. 454. The admissions made to her by the child claimed to have been ravished tended to account for the physical condition of the child found by the examing physicians. We think the ruling out of this testimony denied appellant of a substantial right. It was harmful.

We are of opinion that no other reversible error was committed in the trial of the cause.

*Reversed and remanded.*